UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELITA HURST                                             CIVIL ACTION

VERSUS                                                    CASE NO. 22-2636

PRIMERICA LIFE INSURANCE CO.                              SECTION: "G"(2)

### ORDER AND REASONS

Pending before the Court is Defendant Primerica Life Insurance Company's ("Defendant") Motion for Sanctions.[1] Defendant moves the Court to impose sanctions under Federal Rule of Civil Procedure 11(c) on Plaintiffs Shelita Hurst and Shedrick Hurst, Sr.'s (collectively, "Plaintiffs") counsel, Jeremiah Johns ("Johns").[2] Defendant argues that sanctions should be imposed because Johns filed this lawsuit alleging that Plaintiffs paid all premiums for a life insurance policy, without conducting due diligence to determine whether any premiums were ever paid.[3] Plaintiffs oppose the motion and argue that there are facts in dispute regarding whether the premiums were paid.[4] For the reasons discussed in more detail below, Defendant has not shown that Johns' conduct is sanctionable. Accordingly, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 20.

[2] *Id.*

[3] *Id.*

[4] Rec. Doc. 21.

1

**I. Background**

This litigation arises out of a dispute regarding insurance proceeds for a policy insuring the life of Plaintiffs' son, Shedrick Hurst, Jr. ("Shedrick").[5] On or about September 7, 2020, Shedrick applied for a term life insurance policy with Defendant, and shortly thereafter Defendant issued Sedrick policy number 0491938270.[6] Shedrick designated his parents, Plaintiffs Shelita Hurst and Shedrick Hurst, Sr., as the policy's primary beneficiaries.[7] At the time the policy was issued, Shedrick was a resident and domiciliary of California.[8] Shedrick passed away on December 21, 2020, in Ontario, California.[9] The Amended Complaint alleges that at the time of Shedrick's death all premiums to maintain the policy had been paid.[10] Following Shedrick's death, Plaintiffs submitted a claim to Defendant for payment of the policy's death benefit.[11] Plaintiffs allege that Defendant denied the claim on the ground that the policy had lapsed for non-payment of premiums.[12]

On August 11, 2022, Shalita Hurst filed a Complaint against Defendant in this Court.[13] On September 27, 2022, Defendant answered the Complaint.[14] On October 18, 2022, an Amended

---

[5] Rec. Doc. 17.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Rec. Doc. 1.

[14] Rec. Doc. 8.

Complaint was filed, which added Shedrick Hurst, Sr. as a plaintiff.[15] In the Amended Complaint, Plaintiffs bring claims for breach of contract, breach of duty of good faith and fair dealing, equitable estoppel, detrimental reliance, and unjust enrichment.[16] On October 21, 2022, Defendant answered the Amended Complaint.[17]

On December 16, 2022, Defendant filed the instant Motion for Sanctions.[18] On January 3, 2023, Plaintiff filed an opposition to the motion.[19] On January 12, 2023, Defendant filed a reply brief in further support of the motion.[20]

## II. Parties' Arguments

### A.   *Defendant's Arguments in Support of the Motion*

Defendant moves the Court to impose sanctions under Federal Rule of Civil Procedure 11(c) on Plaintiffs' counsel, Jeremiah Johns.[21] Defendant argues that Johns filed this lawsuit alleging that Plaintiffs paid all premiums for a life insurance policy, without conducting due diligence to determine whether any premiums were ever paid.[22] Defendant asserts that it has provided Plaintiffs with evidence showing that their attempted payments were not processed by

---

[15] Rec. Doc. 17.

[16] *Id.* at 4–5.

[17] Rec. Doc. 18.

[18] Rec. Doc. 20.

[19] Rec. Doc. 21.

[20] Rec. Doc. 24.

[21] Rec. Doc. 20 at 1.

[22] *Id.*

3

the bank.[23] Nevertheless, Defendant argues that Plaintiffs' counsel "continues to pursue this matter without justification and in bad faith."[24]

Defendant argues that Plaintiffs did not pay the initial premium, or any subsequent premium, and therefore, no contract of insurance came into existence.[25] Defendant contends that under Rule 11, Johns has an affirmative duty to investigate the bases for Plaintiffs' claims, including whether any premiums were paid for the alleged life insurance policy.[26] Defendant maintains that a simple investigation by Johns before suit was filed, including a review of his clients' bank records, would confirm that Plaintiffs did not make any premium payments to Defendant.[27] Defendant avers that the bank records produced by Plaintiffs reflect that Shelita Hurst's attempted payments were dishonored and reversed, and thus, Johns had evidence that Plaintiffs did not pay it any premiums necessary to bring a life insurance policy into effect.[28] Defendant asserts that Johns' continued pursuit of this action is "unjustified, harassing, and in bad faith."[29] Accordingly, Defendant argues that sanctions against Johns are warranted for filing a lawsuit in violation of Rule 11 and for refusing to voluntarily dismiss the case.[30]

---

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 20-1 at 2.

[26] *Id.* at 4.

[27] *Id.* at 5.

[28] *Id.* at 5–6.

[29] *Id.* at 6.

[30] *Id.*

B.   *Plaintiffs' Argument in Opposition to the Motion*

Plaintiffs oppose Defendant's request for sanctions.[31] Plaintiffs argue that Shelita Hurst's bank records show that she paid the premium amount of $28.50 on September 9, 2020 and October 13, 2020.[32] Plaintiffs assert that there were sufficient funds in the account to pay these premiums.[33] Nevertheless, Plaintiffs contend that the bank records reflect that the premium payments were returned on October 19, 2020.[34]

Plaintiffs assert that California law requires a life insurance company to provide notice of cancellation within a 60-day grace period prior to the policy's cancellation and a separate 30-day notice of intent to cancel the policy.[35] Plaintiffs contend that a life insurance company should also provide notice to a policyholder that the premiums were returned in advance of cancellation.[36]

Plaintiffs argue that Defendant was legally required to provide Shedrick notice that the policy was being canceled and/or the premiums were being returned and that Defendant has refused to produce evidence of any such notices.[37] Plaintiffs assert that "[t]his is a key component of Plaintiffs' claims and is clearly a disputed fact issue."[38] Accordingly, Plaintiffs contend that

---

[31] Rec. Doc. 21.

[32] *Id.* at 2.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 3 (citing Cal. Ins. Code § 10113.71).

[36] *Id.*

[37] *Id.* at 5.

[38] *Id.*

there is a good faith basis to argue that the insurance policy was, to their knowledge, in full force and effect when Shedrick passed away.[39]

Plaintiffs further argue that Defendant has refused to provide evidence of how it handled and accounted for the premiums.[40] Plaintiffs assert that it is unclear if the premiums were actually returned by Defendant or simply listed as reversed transactions on the bank statement.[41] Plaintiffs further assert that Defendant issued notices to Shedrick advising that the policy was in place, while contemporaneously attempting to cancel the policy.[42] For these reasons, Plaintiffs argue that there are facts in dispute and the motion for sanctions should be denied.[43]

C.  ***Defendant's Arguments in Further Support of the Motion***

In reply, Defendant contends that Plaintiffs' opposition has invented an "alternative set of facts" on which to sue Defendant for bad faith.[44] Defendant argues that there is no evidence showing that Plaintiffs paid any premiums to bring the policy into effect.[45] Since Defendant argues that the policy came into existence, it contends that there was nothing to cancel.[46] Defendant asserts that it sent Shedrick a notice stating "[y]our bank has notified us that we cannot process premium payments through your account" and that Defendant had "changed [the] payment method

---

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 6.

[43] *Id.* at 7.

[44] Rec. Doc. 24 at 1.

[45] *Id.*

[46] *Id.*

to quarterly billing."[47] Defendant contends that there is no evidence that anyone paid the quarterly premium.[48] Defendant argues that Johns "is actively misrepresenting the evidence and fabricating facts in an apparent effort to justify this frivolous lawsuit and shield himself from sanctions."[49] Defendant contends that there is no evidence supporting Plaintiffs' argument that Defendant "returned" the premium payments or "dishonored" the payments.[50] Defendant asserts that Plaintiffs or her counsel should have reached out to the bank to determine why the charges were reversed before filing this lawsuit.[51] Defendant argues that sanctions are warranted because "Johns filed this lawsuit without investigation and in complete disregard of the actual evidence available to him, in contravention of the obligations imposed upon him by Rule 11."[52]

### III. Legal Standard

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, by presenting a pleading to the Court, an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extended, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of

---

[47] *Id.* at 2 (citing Rec. Docs. 20-4, 20-7).

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at 3.

[52] *Id.* at 4.

7

information.[53]

Therefore, under Rule 11(b), an attorney "violates Rule 11 if he fails to conduct a reasonable inquiry into the law and facts underlying his motion [or pleading], or if he makes a motion [or files a pleading] to delay, harass or increase the costs of litigation."[54] Rule 11(c) continues that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[55]

"[T]he standard under which the attorney is measured [under Rule 11] is an objective, not subjective, standard of reasonableness under the circumstances"[56] "Accordingly, an attorney's good faith will not, by itself, protect against the imposition of Rule 11 sanctions."[57] Compliance with an attorney's affirmative duties "is measured as of the time that the document is signed."[58]

In deciding whether a reasonable inquiry into the facts has been made, the Court may consider factors such as:

> the time available to the signer for investigation; the extent of the attorney's reliance upon his client for the factual support for the document; the feasibility of a prefiling investigation; whether the signing attorney accepted the case from another member of the bar or forwarding attorney; the complexity of the factual and legal issues; and the extent to which development of the factual circumstances underlying the claim requires discovery.[59]

---

[53] Fed. R. Civ. P. 11(b).

[54] *Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999).

[55] Fed. R. Civ. P. 11(c)(1).

[56] *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 264 (5th Cir. 2007) (quoting *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir.2003) (en banc)).

[57] *Id.* (citing *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994)).

[58] *Childs.*, 29 F.3d at 1024.

[59] *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988).

In determining a reasonable inquiry into the law has been made, the Court may consider factors such as: "the time available to the attorney to prepare the document; the plausibility of the legal view contained in the document; the pro se status of a litigant; and the complexity of the legal and factual issues raised."[60] A district court's decision regarding Rule 11 sanctions is reviewed for abuse of discretion.[61]

## IV. Analysis

Defendant moves the Court to impose sanctions under Federal Rule of Civil Procedure 11(c) on Plaintiffs' counsel, Jeremiah Johns.[62] Defendant argues that Johns filed this lawsuit alleging that Plaintiffs paid all premiums for a life insurance policy, without conducting due diligence to determine whether any premiums were ever paid.[63] Defendant asserts that it has provided Plaintiffs with evidence showing that their attempted payments were not processed by the bank.[64] Nevertheless, Defendant argues that Plaintiffs' counsel "continues to pursue this matter without justification and in bad faith."[65]

The Court finds that Johns' actions do not rise to the level of a Rule 11 violation. The Amended Complaint alleges that at the time of Shedrick's death all premiums to maintain the policy had been paid.[66] The parties present bank records, which reflect that Plaintiffs paid

---

[60] *Id.* at 875–76.

[61] *Jenkins*, 478 F.3d at 263.

[62] Rec. Doc. 20 at 1.

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] Rec. Doc. 17 at 3.

9

premiums to Defendant on September 9, 2020 and October 13, 2020.[67] The bank records further reflect that there was a sufficient balance in the account at that time to cover these charges at the time of payment.[68] Then, on October 19, 2020, the bank records reflect a "reversal" of these payments on September 9, 2020 and October 13, 2020.[69]

Neither party explains why these "reversals" occurred. Plaintiffs posit that "[i]t is unclear if the premiums were actually returned by [Defendant] or simply listed as a reversed transaction on the bank statement."[70] Defendant refutes this assertion and points out that there is no evidence supporting Plaintiffs' argument that Defendant "returned" the premium payments or "dishonored" the payments.[71] Defendant asserts that Plaintiffs or her counsel should have reached out to the bank to determine why the charges were reversed before filing this lawsuit.[72] In deciding whether a reasonable inquiry into the facts has been made, the Court may consider the extent to which development of the factual circumstances underlying the claim requires discovery.[73] In this case, it is apparent that additional discovery is needed to determine why the bank reversed Plaintiff's premium payments.

Plaintiffs also argue that Defendant can be held liable for failing to provide a cancellation or return of premium payment notices to Shedrick.[74] Defendant maintains that there was nothing

---

[67] Rec. Doc. 20-6 at 3 and 9.

[68] *Id.*

[69] *Id.* at 10.

[70] Rec. Doc. 21 at 5.

[71] Rec. Doc. 24 at 2.

[72] *Id.* at 3.

[73] *Thomas*, 836 F.2d at 875.

[74] Rec. Doc. 21 at 3–4.

to cancel as the policy never even came into existence due to non-payment of the premiums.[75] In the Amended Complaint, Plaintiffs bring claims for breach of contract, breach of duty of good faith and fair dealing, equitable estoppel, detrimental reliance, and unjust enrichment.[76] Therefore, in addition to the contractual claims, Plaintiffs bring claims based on an alternative theory that no contract was formed. Rather than filing a Rule 12(b) motion, Defendant answered the Amended Complaint, then filed the instant motion essentially arguing that Johns should be sanctioned because he should have discovered, before filing suit, that no contract was formed. Defendant does not address any of the alternative theories for liability. It is unclear whether this case could survive a motion for summary judgment after discovery is completed. Nevertheless, Defendant has not shown that Johns' conduct is sanctionable.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Primerica Life Insurance Company's Motion for Sanctions[77] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this \_\_10th\_\_ day of April, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[75] Rec. Doc. 24 at 1.

[76] Rec. Doc. 17 at 4–5.

[77] Rec. Doc. 20.